IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02822-BNB

RICHARD S. JONES,

    Applicant,

v.

WARDEN MILLER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Richard S. Jones, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Jones has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Arapahoe County District Court case number 08CR463.

    On October 28, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 8, 2013, Respondents filed a Pre-Answer Response (ECF No. 9) arguing that the Application should be denied because the claims Mr. Jones asserts are not exhausted.  Mr. Jones has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Jones is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

A jury convicted Mr. Jones of escape because, while on intensive supervised parole, he cut off an ankle monitor and absconded.  *See People v. Jones*, No. 10CA1163 (Colo. App. Apr. 12, 2012) (unpublished) (ECF No. 9-4).  He also was convicted of five habitual criminal counts and he was sentenced to forty-eight years in prison.  *See id.*  The judgment of conviction was affirmed on direct appeal.  *See id.*  On September 17, 2012, the Colorado Supreme Court denied Mr. Jones' petition for writ of certiorari on direct appeal.  (*See* ECF No. 9-6.)

On September 13, 2010, while his direct appeal was pending, Mr. Jones filed in the trial court a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 9-1 at 5.)  The trial court ultimately denied the Rule 35(b) motion on November 16, 2012.  (*See id.*)

On April 10, 2013, Mr. Jones filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.*)  The trial court denied the Rule 35(c) motion on May 1, 2013.  (*See id.*)  On June 7, 2013, Mr. Jones filed an appeal from the trial court's order denying the Rule 35(c) motion.  (*See id.* at 4.)  On September 13, 2013, Mr. Jones filed his opening brief on appeal and on October 24, 2013, the Attorney General for the State of Colorado filed an answer brief.


(*See* ECF No. 9-9.)  According to Respondents, Mr. Jones' appeal from the trial court's order denying his Rule 35(c) motion remains pending before the Colorado Court of Appeals.

The Application was filed on October 15, 2013, and Mr. Jones asserts three claims for relief.  He contends in claims one and two that his conviction for escape in Arapahoe County case number 08CR463 was obtained in violation of his constitutional right to due process because the parole supervision from which he allegedly escaped was unconstitutional.  Mr. Jones alleges in support of the due process claims that the parole stemmed from convictions in two prior cases but he was not advised when he agreed to plead guilty in the prior cases that he would be required to serve a term of mandatory parole after being released from prison.  The third claim Mr. Jones asserts in the Application is an ineffective assistance of counsel claim.  Mr. Jones apparently contends in support of claim three that counsel was ineffective by failing to properly investigate and challenge the validity of Mr. Jones' prior felony convictions.

Respondents do not argue that the Application should be dismissed as untimely.  However, Respondents do argue that Mr. Jones has failed to exhaust state remedies for the constitutional claims he is asserting in the Application.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court has reviewed the state court appellate briefs relevant to Mr. Jones' direct appeal and finds that he did not raise on direct appeal any of the constitutional claims he raises in the Application.  (*See* ECF Nos. 9-2 & 9-5.)  According to Respondents, Mr. Jones has raised his due process claims on appeal from the denial of his postconviction Rule 35(c) motion.  However, Respondents are correct that Mr. Jones has not exhausted state remedies for any claims in the postconviction Rule 35(c)

proceedings because his appeal to the Colorado Court of Appeals remains pending. Therefore, the Court agrees that Mr. Jones has failed to exhaust state remedies for all of his claims in the Application.

Respondents also argue that the ineffective assistance of counsel claim Mr. Jones raises in the Application is procedurally barred. The Court will not address the procedural bar argument because, even if the ineffective assistance of counsel claim is procedurally barred, the statutory limitations on filing a second or successive application mean that the Court cannot dismiss the due process claims without prejudice for failure to exhaust state remedies and dismiss the ineffective assistance of counsel claim with prejudice as procedurally barred. Instead, the entire Application will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of   December  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court